## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GURPREET SINGH,

       Plaintiff,

  v.

DELRAN TOWNSHIP, et al.,

       Defendants.

Civil Action No. 1:22-cv-4448

**MEMORANDUM ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court by way of *pro se* Plaintiff Gurpreet Singh's complaint and request to proceed *in forma pauperis* (Compl., ECF No. 1). Plaintiff has established his financial eligibility to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a) considering his limited income. Plaintiff appears to assert violations of 42 U.S.C. § 1983 against Delran Township, Delran Police Department, Delran Township Municipal Court, and Gregg Perr (collectively, "Defendants"). (Compl., ECF No. 1 at 5).

    However, pursuant to § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

    When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a

complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

Plaintiff alleges that on December 13, 2021, Delran police illegally stopped his car and issued him a summons. (ECF No. 1 at 3). Plaintiff further alleges that the traffic violation—driving without a license—should have been "handled in one or two court dates" but that it took six months to resolve the issue. (ECF No. 1 at 4). Plaintiff alleges that the motor vehicle violation was ultimately dismissed six months later. (ECF No. 1 at 3). Because of this, Plaintiff alleges Defendants violated his rights under the "Four and Fifteenth Amendments" and his due process rights. (ECF No. 1 at 3).

On review of Plaintiff's Complaint, the Court dismisses the Complaint without prejudice for failure to state a claim.

## I. 42 U.S.C. § 1983

To state a claim for relief under § 1983, Plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Plaintiff appears to allege violations of the

Fourth and Fourteenth Amendments[1] of the United States Constitution. (Compl., ECF No. 1 at 3).

As an initial matter, § 1983 imposes liability only on "persons" who deprive others of the rights, privileges, and immunities secured by the Constitution. *See Mawson v. Court of Common Pleas of Luzerne Cnty., PA*, 229 F. App'x 185, 186 (3d Cir. 2007) (citing 42 U.S.C. § 1983). While local governmental units may constitute "persons" under § 1983, a governmental sub-unit, like a city police department, is not distinct from the municipality of which it is a part. *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014). The Delran Police Department and the Delran Municipal Court, thus, must be dismissed because they are governmental sub-units.

As to Gregg Perr, the municipal prosecutor, Plaintiff alleges that

> it has costed me more than $25,000 just on researching how to fight the faulty charges brought against me, and beat the said charges, and research how to bring this Complaint to light after the dismissal of the court hearings I had to be dragged through, just because of the negligence and ego of an acting court officer.

(ECF No. 1 at 4). Such vague and conclusory allegations are plainly inadequate to meet the *Iqbal* pleading standard. Additionally, here, the summons states that Plaintiff was charged with driving without a license under N.J.S.A. 39:3-10, on December 13, 2021. (ECF No. 1 at 15). Plaintiff alleges that he appeared in municipal court four times on this summons, was unable to reach a plea deal with Perr at these appearances, that his trial date was rescheduled three times, and that the case was ultimately dismissed. (ECF No. 1 at 14–15). Plaintiff also attaches a "restoration notice" from the New Jersey Motor Vehicle Commission ("MVC"), which states that the MVC "restores the privileges" of Plaintiff's

---

[1] Although Plaintiff states the Fifteenth Amendment in his Complaint, the Court construes the claim as a due process claim under the Fourteenth Amendment.

"basic driving privilege" and "commercial driving privilege." (ECF No. 1 at 16). The restoration notice also states that the "restoration becomes/became effective on the date shown above. Note: If the privileges have already been restored, consider this notice a confirmation of that restoration." (ECF No. 1 at 16). However, the date on the restoration notice is December 27, 2021, while Plaintiff was charged with driving without a license on December 13, 2021. (ECF No. 1 at 16). Thus, not only has Plaintiff alleged insufficient facts to state a constitutional violation but Plaintiff's own supporting documents do not support that any constitutional violation occurred. For these reasons, Plaintiff's claims against Perr are also dismissed without prejudice.

## II.    *Monell* **Claims**

The Court will also dismiss without prejudice the claims against Delran Township. Municipal liability under § 1983 must be based on allegations that the government itself supported a violation of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Municipal liability exists where execution of the municipality's policy or custom inflict the injury. *Id.* at 694. When a plaintiff brings a claim under *Monell* against a municipality, the specific offending custom, policy, or practice must be pleaded in the complaint. *See McTernan v. City of York*, 564 F.3d 636, 638 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was.") (citing *Philips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)). Additionally, a plaintiff "must also allege that the policy or custom was the proximate cause of his injuries . . . by demonstrating an affirmative link between the policy or custom and the particular constitutional violation he alleges." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotations marks and citations omitted). At the pleading stage, this generally

4

requires some facts that tend to show that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to the injuries in question. *See id.* Here, there are no facts to suggest that a specific policy or custom or that the failure to train and/or supervise caused Plaintiff's alleged harms whatsoever. Indeed, Plaintiff merely states that the traffic stop was illegal, (ECF No. 1 at 13), and such a conclusory statement is insufficient to state a claim. As such, the *Monell* claims against Delran Township are also dismissed without prejudice.

ORDERED that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**, and the Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

*/s/ Christine P. O'Hearn*
CHRISTINE P. O'HEARN
United States District Judge